## CIRCUIT COURT OF WESTMORELAND COUNTY

Commonwealth of Virginia

v.

Hackett

February 2, 1994

BY JUDGE JOSEPH E. SPRUILL, JR.

For the reasons that follow, the motion of defendant to introduce expert testimony regarding the "battered wife syndrome" is denied.

I have been unable to find any Virginia case where this type of evidence has been allowed, nor has any such case been cited. There is at least one case where expert testimony was offered, *Leonard v. Commonwealth of Virginia*, Record No. 0789–86–3 (1987), and rejected with approval of the Court of Appeals.

In *Stamper v. Commonwealth*, 228 Va. 707 (1985), the Supreme Court held: "evidence of a criminal defendant's mental state at the time of the offense is, in the absence of an insanity defense, irrelevant to the issue of guilt." at p. 717. This was quoted with approval in *Jenkins v. Commonwealth*, 244 Va. 445 (1992). This indicates that Virginia courts do not allow the defense of diminished capacity.

Although we have had no specific proffer as to what the testimony of the expert would be, counsel have indicated that a psychologist would testify as to the defendant's state of mind at the time of the shooting. Further, the psychologist would testify that the defendant was being truthful when she, the defendant, testified that at the time of the shooting, she was in fear of her life. Courts in other states have rejected expert testimony of this nature because the depth of study in this field has not yet reached the point where an expert witness can give testimony with any degree of assurance. I concur with this view.

However, we do recognize the peculiar predicament of battered women. A rigid adherence to the traditional standard of justifiable

self-defense may unfairly ignore these special circumstances. Therefore, the jury may hear testimony from the defendant, and perhaps others, describing those circumstances predating her act, within reason. The jury should also be allowed to evaluate the defendant's act in the light of all facts and circumstances known to her before the shooting. Thus, the defendant and others may testify about the violence, if any, in the defendant's relationship with the decedent. All of these factors presumably are relevant to the reasonableness of her self-defense claim. This testimony may depart somewhat from the traditional standard of allowing the jury to consider only what a "reasonable person" would have done and will enable the jury to understand the defendant's perspective and more fairly evaluate the honesty of her belief. This rather flexible application of the elements of the self-defense claim will allow the defendant to present evidence of a history of abuse where it appears relevant to the reasonableness of her perception of imminent harm at the time of the killing. Such evidence, if it appears too unrelated to the offense, will be excluded.